IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ELMER BILLINGSLEY                                           PLAINTIFF

V.                       CASE NO. 3:16-cv-0067-JTK

CAROLYN COLVIN, *Acting Commissioner*
Social Security Administration                                DEFENDANT

**MEMORANDUM AND ORDER**

Plaintiff, Elmer Billingsley, appeals the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) based on disability.[1] Both parties have submitted appellate briefs, and the case is ready for a decision. The only issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence. For the reasons outlined below, the decision of the Commissioner is affirmed.

**Procedural History**

Plaintiff protectively filed his application for benefits on April 11, 2013, alleging a disability date of December 23, 2011. (Tr. 147-148, 178) Disability Determination Services (DDS) denied the claims initially and upon reconsideration. Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. The Appeals Council denied the request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed his action in federal court.

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

1

**Administrative Proceedings**

An administrative hearing was held on June 17, 2014, and was attended by Plaintiff, his attorney, and a vocational expert (VE). (Tr. 40-70) Plaintiff was 53 year old at the time of the administrative hearing and had not engaged in substantial gainful activity since his alleged onset date. (Tr. 23) He has an eighth grade education and past relevant work as a framer. (Tr. 28, 47) The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process[2] and found Plaintiff had the severe[3] impairments of: macular degeneration, depression and panic disorder without agoraphobia. (Tr. 23) The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listing. *Id.* In addition, the ALJ determined that Plaintiff had the residual functional capacity[4] to perform a full range of work at all exertional levels except that due to macular degeneration issues, Plaintiff should avoid climbing ladders, ropes and scaffolds, working at unprotected heights, around hazards, or being exposed to dangerous machinery. (Tr. 25) Furthermore, the ALJ found that: Plaintiff would require work that does not require excellent vision; could perform tasks where interpersonal contact is incidental to the work performed; the complexity of one to two-step tasks is learned and performed by rote, with few variables and little judgment and the supervision required is simple, direct and concrete; work must not require contact with the general public; and

---

[2] "The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work.  Through step four of this analysis, the claimant has the burden of showing that she is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform." *Steed v. Astrue*, 524 F.3d 872, 875 n.3 (8th Cir. 2008)(internal citations omitted).

[3] An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1520.  An impairment is "nonsevere" when medical or other evidence establishes only a slight abnormality that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 404.1521.

[4] The RFC is "the most [a claimant] can do despite" his or her "physical or mental limitations."  20 C.F.R. § 404.1545(a).

2

Plaintiff can perform SVP1 or SVP2 jobs that can be learned in 30 days. (Tr. 25) In making his determination, the ALJ noted that, while the Plaintiff's impairments could reasonably be expected to cause the symptoms alleged, the statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (Tr. 27) The ALJ further found that, while Plaintiff was unable to perform any of his past relevant work, there were other jobs that existed in significant numbers in the national economy that he could perform (i.e. kitchen helper and food prep worker). (Tr. 28-29) Consequently, the ALJ concluded Plaintiff was not disabled.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

**Discussion**

On appeal, Plaintiff argues that the ALJ erred in finding he could perform work at all exertional levels. Specifically, he contends that: (1) the ALJ failed to consider and evaluate his chronic back pain; (2) unfairly discredited Plaintiff's subjective complaints of back and wrist pain "because he has a wife that suffers from M.S. (multiple sclerosis) and the ALJ found Plaintiff could assist in her care"; and (3) erred by failing to include any restrictions related to Plaintiff's chronic back pain or limitations with his right wrist within his hypothetical question presented to the VE at the hearing. (DE #10) The Defendant argues that the ALJ properly evaluated Plaintiff's chronic back pain, that substantial evidence supports the ALJ's credibility finding, and that the ALJ posed a proper hypothetical question to the VE. (DE #11)

1. **RFC Determination and Credibility**

Plaintiff argues that the ALJ erred in assessing his subjective complaints and in his RFC determinations by essentially ignoring his chronic back problems. The Court finds no error.

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). In addition to determining RFC based on all relevant evidence, including the medical records and observations of treating physicians and others, the ALJ should also consider the claimant's own description of his limitations, *id.*, including his testimony regarding subjective complaints of pain. *See Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).

In considering the credibility of a claimant's subjective complaints, an ALJ must consider the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as the following: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. *Polaski v. Heckler*, 739 F.2d at 1322. However, the ALJ is not required to discuss each *Polaski* factor as long as he acknowledges and considers the factors before discounting a claimant's subjective complaints. *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (quoting *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)). While the ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence, *see Chamberlain v. Shalala*, 47 F.3d 1489, 1494 (8th Cir. 1995), an ALJ is entitled to make a factual determination that a claimant's subjective complaints are not credible in light of objective medical evidence to the contrary. *See* 20 C.F.R. §§ 404.1508, 404.1529 (requiring that an individual's subjective complaints of pain alone shall not be conclusive evidence of disability, but must be documented by medical evidence which reasonably could be expected to produce the pain or symptoms alleged). Furthermore, the Court will generally defer to the ALJ's decision to discredit the claimant's complaints if the ALJ gave good reasons for doing so. *Halverson*, 600 F.3d at 932.

Review of the ALJ's decision shows that he considered the entire record. The Court will not substitute its opinion for that of the ALJ, who is in better position to assess credibility. Here, the ALJ referred to the *Polaski* considerations and cited inconsistencies in the record to support his findings. Specifically, the ALJ noted that the Plaintiff's impairments are controlled by medication and do not more than minimally affect his ability to carry on basic work activity; that he is active in his activities of daily living, including caring for a disabled spouse; he has not had

aggressive surgical intervention for disabling pain; no health care provider has restricted the Plaintiff from any work activity; and that there is lack of objective evidence supporting his complaints. (Tr. 27-28) Plaintiff's argument that it was error for the ALJ to ignore Plaintiff's MRI showing a herniated disc is without merit. The MRI was performed two days after the administrative hearing and the results were submitted as additional evidence to the Appeals Council. The MRI was reviewed by Appeals Council; however, it found that it did not provide a basis for changing the ALJ's decision. (Tr. 2) The Court has carefully reviewed the record and determined the ALJ's finding that Plaintiff's subjective complaints were not fully credible was adequately explained and supported by the record as a whole.

Further, the RFC determination is supported by substantial evidence. The ALJ properly considered all of the medical and other relevant evidence of record in making his RFC determination, including Plaintiff's description of limitations, observations of treating and examining physicians and others, and medical records including any observations therein. As previously discussed, the ALJ noted Plaintiff's daily activities were inconsistent with his allegations of pain. Plaintiff cares for his disabled spouse, maintains the household, drives a car, prepares simple meals, does household chores, and spends a lot of time watching television. (Tr. 27) The ALJ also stated that "there is no evidence to suggest his condition cannot be controlled adequately if he would maintain the necessary physician-patient relationship and adhere to the medication regimen suggested by the treating physician." *Id.* Thus, the ALJ's RFC is supported by some medical evidence that is sufficiently clear to allow for an understanding of how Plaintiff's limitations function in a work environment. Therefore, substantial evidence supports the RFC determination. *See Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007) (finding substantial evidence to supports the RFC determination because the ALJ's RFC was supported by medical

evidence that sufficiently allowed for an understanding of how Plaintiff's limitations functioned in a work environment).

### 2. Step Five

Lastly, Plaintiff argues that the ALJ erred by not including any restrictions related to Plaintiff's chronic back pain or wrist pain in the hypothetical to the VE. Finding no error, the Court affirms on this point.

"In our circuit, it is well settled law that once a claimant demonstrates that he or she is unable to do past relevant work, the burden of proof shifts to the Commissioner to prove, first that the claimant retains the [RFC] to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to do." *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000) (citing *McCoy v. Schweiker*, 683 F.2d 1138, 1146-47 (8th Cir. 1982)(en banc); *O'Leary v. Schweiker*, 710 F.2d 1334, 1338 (8th Cir. 1983)). "Testimony based on hypothetical questions that do not encompass all relevant impairments cannot constitute substantial evidence to support the ALJ's decision. Hypothetical questions must set forth impairments supported by substantial evidence on the record and accepted as true and capture the concrete consequences of those impairments." *Jones v. Astrue*, 619 F.3d 963, 972 (8th Cir. 2010) (citations omitted).

Here, the ALJ relied on the testimony of the VE that based upon the Plaintiff's age, work experience, and RFC, the Plaintiff could perform other work available in significant numbers in the national economy, specifically as a kitchen helper and food prep worker. (Tr. 29) It is not required that the ALJ include any alleged impairments within a hypothetical which the ALJ has determined to be untrue and not supported by the record as a whole. *See Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997). The Court finds no error because the hypothetical question to the VE

encompassed all of the limitations supported by the record. *See Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005). The VE's response constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work at all exertional levels. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from VE based on properly phrased hypothetical question constitutes substantial evidence).

## Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the Commissioner's final determination and dismisses Plaintiff's Complaint with prejudice.

SO ORDERED this 13th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE